GEORGE W. STETSON *vs.* ELI W. PACKER & others.

A warrant, issued by a justice of the peace, after *St.* 1850, *c.* 314, took effect, directing the officer to bring the defendant "before A., or some other justice of the peace within and for the county," (A. being a trial justice, as well as a justice of the peace,) authorizes the officer to arrest the defendant and take him before A., as a trial justice, but not before any other trial justice; and if the officer arrests the party to take him before A., not finding whom, he, without taking his prisoner before any other justice of the peace, takes him before another trial justice, the officer and his assistants, but not the magistrate who issued the warrant, will be liable in trespass to the party arrested.

THIS was an action of trespass for an assault and battery and false imprisonment, and was tried in the court of common pleas. The defendants relied on the following facts as a defence to the action : On the 14th of July, 1850, a complaint was made before the defendant Packer, against the plaintiff, Stetson, for burning a school-house in Leyden ; Packer being a justice of the peace, but not a trial justice, within and for the county of Franklin. Upon this complaint, Packer, as justice of the peace, issued a warrant, commanding Stetson to be brought "before David Aiken, Esquire, of Greenfield, or some other justice of the peace, within and for said county, to answer to the same," &c. On the same day, Stetson was arrested under this warrant by the defendant Nash, with the assistance of the defendants Budington and Miller, and taken. to the jail in Greenfield, and there detained till the next day, when, David Aiken being absent from the town, Stetson was brought before Daniel Frost, of Orange, a trial justice within and for said county ; and a *nolle prosequi* was then entered by the counsel for the government. At the time of the issuing of the warrant, and of the arrest and imprisonment of the plaintiff, David Aiken was a justice of the peace, and also a trial justice, wi'hin and for the county of Franklin. Upon these facts, the jury, by the instructions of *Wells*, C. J., who presided at the trial, returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*W. Griswold*, for the plaintiff. The warrant is no protection to the nagistrate, unless he had jurisdiction of the sub-

ject matter, the person and the process. *Fisher* v. *Shattuck*, 17 Pick. 252; *Grumon* v. *Raymond*, 1 Conn. 40; *Tracy* v. *Williams*, 4 Conn. 107; *Allen* v. *Gray*, 11 Conn. 95; *St.* 1850, c. 314, § 4. To justify the officer and his assistants, the precept must show jurisdiction in the court issuing it, must be lawful on its face, must be regular and in due and legal form. *Sanford* v. *Nichols*, 13 Mass. 286; *Savacool* v. *Boughton*, 5 Wend. 170; *Toof* v. *Bentley*, 5 Wend. 276; *Wilmarth* v. *Burt*, 7 Met. 257; *Donahoe* v. *Shed*, 8 Met. 326; *Commonwealth* v. *Foster*, 1 Mass. 488. The officer did not obey his precept, and therefore he is liable.

*C. Allen*, (with whom was *G. T. Davis*,) for the defendants. 1. Persons called upon by an officer, to assist him in serving any process, are justified in so doing, even though the process is irregular and voidable. 2. An officer is justified in executing a warrant, granted by one having a general jurisdiction over the subject matter, though irregular and voidable, and though erroneously or corruptly granted in the particular case. Rev. Sts. c. 85, § 30; *Nichols* v. *Thomas*, 4 Mass. 232, 234; *Sanford* v. *Nichols*, 13 Mass. 288; *Case of the Marshalsea*, 10 Co. 76, a. See also *Clark* v. *May*, 11 Mass. 233; *Adams* v. *Robinson*, 1 Pick. 461. 3. The erroneous direction in the warrant never having been acted upon, but all the proceedings under the warrant having been regular and legal, it did not vitiate the entire warrant. *Hearsey* v. *Bradbury*, 9 Mass. 95; *Campbell* v. *Stiles*, 9 Mass. 217; *Wood* v. *Ross*, 11 Mass. 276; *Brier* v. *Woodbury*, 1 Pick. 366; *King* v. *Whitcomb*, 1 Met. 328; *Barnard* v. *Graves*, 13 Met. 85; *Commonwealth* v. *Parker*, 2 Pick. 550; *Ex parte Coley*, 2 Eng. Law & Eq. R. 282; *Mc Call* v. *Parker*, 13 Met. 374. 4. A magistrate is not liable to an action for a mistake in a warrant, if he had a right to issue the warrant. Rev. Sts. c. 135, §§ 1, 2; 1 Chit. Crim. Law, 25, 32; *Harper* v. *Carr*, 7 T. R. 274; *Butler* v. *Potter*, 17 Johns. 145; *Barton* v. *Bricknell*, 13 Ad. & El. N. R. 393; *Chickering* v. *Robinson*, 3 Cush. 543. 5. If the plaintiff has any remedy, it is by a special action on the case for malfeasance in office. *Dillingham* v. *Snow*, 5 Mass. 559.

The opinion was delivered at September term, 1852.

DEWEY, J.   By the provisions of *St.* 1850, *c.* 314, the juris-
diction of justices of the peace, in the examination and trial
of persons charged with criminal offences, was taken away,
and the same was transferred to certain new officers, called
trial justices, leaving to justices of the peace only the author-
ity to receive complaints and issue warrants for the appre-
hension of alleged criminal offenders, returnable before any of
the trial justices of the same county.

After the passage of this act, therefore, the issuing of a
warrant by a justice of the peace, directing an arrest of an
individual upon a criminal charge, and that the party be taken
before a justice of the peace for examination or trial, would
be an act unauthorized by law; and the process would, upon
the face of it, show such want of jurisdiction as to the pro-
cess, that if, in execution thereof, the party was actually ar-
rested and held for trial before a justice of the peace, the
officer thus arresting the party and holding him for trial, as
well as the magistrate who issued such warrant, would be
liable therefor in an action of trespass.

To some extent, a distinction exists as to the liability of the
magistrate who issues the warrant, and the officer who exe-
cutes it.   But when the want of jurisdiction is apparent on
the face of the warrant, the officer who serves the same is a
wrong doer.

In the present case, however, the warrant was made return-
able before David Aiken, or some other justice of the peace of
said county.   Being made returnable before David Aiken, it is
to be taken, that it was to be heard and tried by him in his
legal capacity to act thereon as a trial justice; he holding that
office.   Had this warrant been in fact returned before David
Aiken, and the party brought to trial before him, the case
would have fallen within the principle settled in *Common-
wealth* v. *Henry*, ante, 512.   In that case, upon a similar war-
rant, returnable before James W. Crooks, or some other justice
of the peace, the warrant having been in fact returned before
James W. Crooks, who was a trial justice, it was held, that
jurisdiction in the case was properly taken by Mr. Crooks;
and the further order, as to taking the party before some other

justice of the peace, not having been acted upon, the proceedings were sustained.

In the case now before us, the party was arrested with the purpose of taking him before Mr. Aiken; but, on account of his absence and inability to hear the case, the warrant was in fact returned before Daniel Frost, another trial justice, and the party was brought before him; and this latter proceeding raises a further question, not decided in *Commonwealth* v. *Henry.* That adjudication embraces the present case, in all its proceedings anterior to the return of the warrant before Mr. Frost. It shows that the warrant, although informal to some extent, yet authorized the officer to arrest the party, and take him before Mr. Aiken, as required by the warrant. The further direction, to take him before " some other justice of peace," if not acted upon, would furnish no ground of complaint, either against the magistrate, or against the officer who served the process.

This view of the case furnishes a justification as to Packer, the magistrate who issued the warrant, as it was a competent warrant to arrest the party and bring him before David Aiken, and there was no execution of the further order to take him before some other justice of the peace. Had that part of the warrant been executed, the magistrate issuing the same would have been responsible. There was no direction in the warrant to bring the party arrested before Daniel Frost, and Packer therefore is not answerable for such use of the warrant. Had it been thus directed, the whole proceeding would have been right. The omission raises the question of the liability of those executing the process.

As to those who were assistants of the constable in the service of this process, as it was legal to arrest the plaintiff and take him before David Aiken, those who only aided in that duty were well authorized so to do. If they did nothing further than this; if they were not participators in the taking of the plaintiff before Mr. Frost, and only acted as assistants in the arrest, for the purpose of taking the party before Mr. Aiken, they were justifiable in so doing, under the warrant from Packer.

The further question, and that in which this case materially differs from that of *Commonwealth* v. *Henry*, is the taking of the party before Daniel Frost for trial. This affects those only of the defendants who acted in that matter. Giving the most liberal effect to the authority conferred by this warrant, it could only justify the constable in taking the party for trial before Mr. Aiken. There was a direction to the officer to bring the party before Mr. Aiken; but there was no further direction, to take him before any other trial justice, or before any other individual named, who was in fact a trial justice. To sustain this part of the defence, would require us to hold, that this warrant authorized the constable to bring the party before any and every trial justice for the county of Franklin, as fully as though thus stated therein. It seems to us that no such authority was given by this warrant. The name of Daniel Frost was not inserted in the warrant; nor was there any direction to bring the party before any other trial justice than David Aiken. This warrant could, therefore, be only properly executed by taking the party arrested before Mr. Aiken. Any act, done by the constable or his assistants, in forcibly taking the party before Daniel Frost, was unauthorized, and in violation of the rights of the plaintiff, and would subject the officer and his assistants to an action of trespass therefor. As we have already suggested, such taking the party before Daniel Frost, a trial justice, would not charge Packer, the justice who issued this warrant, if he did nothing further than to issue the warrant in the case. But as to the constable, and any assistants acting in coöperation with him, in taking the plaintiff before Daniel Frost, the warrant was no sufficient justification. The result must be, therefore, that the verdict must be set aside, and a new trial had.